IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JON PAUL WILSON, #1051217,<br>                  Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>                  Respondent. | 3:08-CV-1339-M |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by a state prisoner.

Parties: Petitioner is presently incarcerated at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in New Boston, Texas. Respondent is the Director of TDCJ-CID The court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner pled guilty to the charge of aggravated sexual assault of a child in Dallas County, Texas, in Cause No. F96-23832. (Petition (Pet.) at 1). On August 1, 1997, the trial court deferred adjudicating Petitioner's guilt and imposed a ten-year period of

probation/community supervision. *See* Attachment. Petitioner did not appeal. Thereafter, on July 12, 2001, the trial court revoked the probation, adjudicated Petitioner guilty, and sentenced him to forty years imprisonment. Five years later, on December 19, 2006, Petitioner filed a *pro se* notice of appeal, which the court of appeals dismissed as untimely. *Wilson v. Texas*, No. 11-07-00005-CR (Tex. App. Feb. 15, 2007). Although the court advised him that he may be able to secure an out-of-time appeal by filing a post-conviction writ pursuant to Tex. Code Crim. Proc., art. 11.07 (Vernon 2005), he did not file a writ in the trial court.

In his federal habeas petition, filed on August 1, 2008, Petitioner alleges his guilty plea was unknowing and involuntary. He explains that he is mentally unstable and simply went along with what his attorney said, although he did not understand what was going on during the trial court's proceedings.[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 209, 126 S.Ct. 1675, 1684 (2006).[2]

---

[1] Petitioner did not date his federal petition. As a result, the court cannot determine the date on which he handed it to prison officials for mailing. Nevertheless, the long delays in this case render irrelevant any benefit of the mailbox rule.

[2] On September 16, 2008, the court filed an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case should not be barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the show cause order on September 23, 2008.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting his grounds became or could have become known prior to the date on which Petitioner's deferred adjudication probation became final. Therefore, the court calculates the one-year statute of limitations from the date his deferred adjudication probation became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006), the Fifth Circuit Court of Appeals held that an order of deferred adjudication probation following a plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review. The Court noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'" *Id.* at 530 (quoting Tex. R. App. P. 26.2(a)(1)).

Applying *Caldwell*'s holding to this case, Petitioner's deferred adjudication probation became final at the very latest, for purposes of § 2244(d)(1)(A), on August 31, 1997, thirty days after the court deferred adjudicating Petitioner guilty and placed him on probation for ten years. The one-year limitations period began to run on September 1, 1997, and expired one year later on August 31, 1998. Petitioner did not file this federal habeas petition until August 1, 2008, nine years and eleven months after the limitations period had elapsed. Since Petitioner did not file any state habeas proceedings, statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable. Therefore, the petition is time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

It is unsurprising that Petitioner took no action to raise the claims related to the voluntariness of his guilty pleas prior to the revocation of his community supervision. By any standard he had obtained a very favorable disposition of the criminal charge in avoiding a prison term on the criminal charge at issue in this case.

Even if Petitioner was unaware of his appeal rights stemming from the order placing him on community supervision, this is insufficient to warrant application of equitable tolling. Mere ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher v.*

4

*Johnson*, 174 F.3d 710, 714 (1999) ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Moreover, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for the nearly eleven-year delay between the date his deferred adjudication became final (August 31, 1997), and the date on which he filed his federal petition (August 1, 2008). "[E]quity is not intended for those who sleep on their rights." *Fisher,* 174 F.3d at 715.

In response to the show cause order, Petitioner claims that he "has been medically diagnosed as incompetent and lacks the sufficient capabilities required to properly and correctly file a (pro se) application for a writ of habeas corpus." (Sep. 23, 2008 Response to show cause). He explains that he "suffers from dyslexia, has a learning disability, and lacks discernment." (*Id.*). According to Petitioner, he "has an IQ of only 56 . . ." and has had no legal assistance until now. (*Id.*).

Petitioner's medical disability as a result of his mental disease does not warrant equitable tolling. The Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling of the limitations period. *See Fisher*, 174 F.3d at 715. Such mental illness, however, must render the petitioner unable to pursue his legal rights during the relevant time. *See Smith v. Johnson,* 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) (per curiam) (unpublished) ("a prisoner's claim of mental incompetence may support tolling the AEDPA time

5

limit if the mental impairment precluded the prisoner from effectively asserting his legal rights"); *Barton v. Quarterman*, No. H-07-1192, 2007 WL 3228107, *5 (S.D. Tex., 2007); *Aragon v. Dretke,* Civil Action No. 4-04-CV-607-Y, 2005 WL 43973 at *1 (N.D.Tex., 2005); *Hogue v. Dretke*, No. 3:04-CV-716-K, 2004 WL 330591, *3 (N.D.Tex., 2004); *Reyna v. City of Coppell,* No. 3:00-CV-2100-M, 2001 WL 520805 at *1 (N.D.Tex., 2001); *Hennington v. Johnson,* No. 4:00-CV-292-A, 2001 WL 210405, *4 (N.D.Tex., 2001).

More recently, in *Roberts v. Cockrell,* 319 F.3d 690, 695 (5th Cir. 2003), the Fifth Circuit found equitable tolling inapplicable where an inmate was hospitalized thirteen times in a one-year period. In that case, the Fifth Circuit concluded that the petitioner failed to "suppl[y] the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner." *Id.*

Petitioner has submitted nothing to demonstrate that he was not sufficiently competent to pursue his legal rights in 1997 and 1998, during the one-year limitations period, other than for his vague, unsupported self-serving allegations. The state court docket sheet in F96-23832 reflects that Petitioner's competency did not become at issue until after the one-year limitations period elapsed on August 31, 1998. It appears Petitioner was first found to be incompetent or mentally ill at hearings on May 4 and October 19, 2000. (*See* Attached docket sheet in No. F96-23832). As of July 12, 2001, his competency was restored and the court proceeded with the probation revocation, adjudication of guilty, and sentencing. (*Id.*).

The filing of the *pro se* notice of appeal on December 19, 2006, obviously indicates that Petitioner had some mental capacity to draft and file the pleadings on his own. Moreover, while

the court does not have a copy of the pleadings in his appeal, it is clear that he also filed a response, as requested by the court of appeals, showing grounds for continuing the appeal. *Wilson v. State*, No. 11-07-00005-CR, slip op. at 1. Likewise, Petitioner's *pro se* filings in this case, allegedly without the assistance of any prison writ writer, provide some evidence of his present mental capacity.

In light of the above, the court concludes that conclusory claims of mental incompetency, unsupported by any medical evidence, are insufficient to meet Petitioner's burden to establish that a mental impairment interfered with his ability to file a § 2254 application in a timely manner. *See Nelson v. Cockrell*, No. 4:03cv220-Y, 2003 WL 21782287, *1 (N.D.Tex., 2003) (citing *Hennington,* 2001 WL 210405, at *4).

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling and dismiss this case as time barred.

Alternatively, the District Court should dismiss the case without prejudice for failure to exhaust state court remedies. It is well settled that a habeas petitioner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*,

7

762 F.2d 429, 430-31 (5th Cir. 1985). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. As noted above, he filed neither a direct appeal nor a state habeas writ challenging the voluntariness of his guilty plea. The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the merits of Petitioner's claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as time barred. *See* 28 U.S.C. § 2244(d)(1). Alternatively, it is recommended that the petition be DISMISSED without prejudice for failure to exhaust state court remedies. 28 U.S.C. § 2254(b) and (c).

A copy of this recommendation will be mailed to Petitioner.

Signed this 25th day of November, 2008.

*[signature: Wm. F. Sanderson, Jr.]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

# ATTACHMENT